IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,991-01






EX PARTE SALVADOR ELISO PENA AKA SALVADOR ELISEO PINA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 55,243-B IN THE 181ST DISTRICT COURT


FROM POTTER COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to ninety-nine years' imprisonment and a ten thousand dollar
fine. The Seventh Court of Appeals affirmed his conviction. Pena v. State, No. 07-07-484-CR (Tex.
App.-Amarillo, delivered July 14, 2008, no pet.).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance by failing
to file pre-trial motions, failing to investigate witnesses and failing to properly object. Applicant has
attached an affidavit from trial counsel in which counsel admits to defective representation. Neither
the State nor the trial court addressed counsel's affidavit.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall determine whether Applicant's trial counsel's affidavit is credible. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel filed any pre-trial motions
and if not, if his failure to do so prejudiced the defense. The trial court shall make findings as to
whether counsel investigated the State's witnesses and if not, whether his failure to do so prejudiced
the defense. The trial court shall make findings of fact as to whether the performance of Applicant's
trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

 



Filed: May 20, 2009

Do not publish